UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW D. WOLF,<br><br>*Plaintiff and Counter-Defendant*,<br><br>v.<br><br>DANIEL N. ALTMANN,<br><br>*Defendant and Counter-Plaintiff.* | No. 4:22-cv-397-PLC |

**WOLF'S RESPONSES AND OBJECTIONS TO ALTMANN'S
<u>FIRST SET OF INTERROGATORIES</u>**

Plaintiff and Counter-Defendant Matthew D. Wolf, pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules 3.01–3.05, submits the following objections and responses to Defendant and Counter-Plaintiff Daniel N. Altmann's First Set of Interrogatories.

Wolf makes these objections and responses based on information reasonably available to him at this time and reserves his right to amend or supplement these objections and responses as information becomes available during discovery or as otherwise appropriate. In providing these objections and responses, Wolf reserves all objections as to relevance, materiality, and admissibility.

<u>**OBJECTIONS TO DEFINITIONS**</u>

1.     Wolf objects to the definition for "You" or "your" as referring to "Wolf, in all capacities, as well as his agents, representatives, attorneys, and each person acting or purporting to act on her behalf" as overly broad, vague, and ambiguous. Wolf further objects that including "attorneys" in this definition includes potentially privileged information beyond the scope of permissible discovery.



2. Wolf objects to the definition of "Document" as overly broad, vague, and ambiguous. Wolf further objects that the definition includes "the original and each copy" of a given document, which purports to impose obligations that are unduly burdensome and beyond the scope of permissible discovery. Wolf further objects that this definition includes "petitions, pleadings, motions, notices," and other court documents; to the extent that such documents are publicly available, including available on the electronic docket for this litigation, this request is unduly burdensome and disproportionate to the needs of the case. Wolf further objects that the definition's laundry list of examples includes information likely to be sensitive, confidential, and potentially proprietary (e.g., the request for "canceled checks" and "tax returns"), and producing such information would be unduly burdensome and disproportionate to the needs of the case. Wolf further objects to the definition's catchall provision including "any other thing within the definition of 'document' under Rules 56.01 and 58.01 of the Missouri Supreme Court Rules" as an improper attempt to impose a state jurisdiction's discovery standard on this federal litigation; Wolf will provide documents consistent with his obligations under the Federal Rules of Civil Procedure.

3. Wolf objects to the definition of "Communication," including its reference to a "statement of any nature whatsoever, by and to whomsoever made, including, but not limited to … dialogues" and "agreements" as overly broad, vague, and ambiguous.

## GENERAL OBJECTIONS AND RESPONSES

1. Wolf engaged in meet-and-confer discussions with counsel for Altmann, requesting an agreed discovery stay pending adjudication of motions to dismiss Altmann's counterclaims. Counsel for Altmann declined to agree to a stay, and Wolf has submitted a motion to stay discovery pending adjudication of Altmann's counterclaims. Wolf has sought that stay on a number of grounds, including because dismissal of the counterclaims will significantly narrow the scope of

discovery. It would be premature to engage in costly and burdensome discovery relating to the counterclaims before the Court has ruled on Wolf's motion to stay discovery and motion to dismiss. Thus, Wolf objects to providing discovery relating to the counterclaims until the stay motion is adjudicated or otherwise resolved.

2. Wolf objects to the interrogatories to the extent that they, including subparts, exceed the number restrictions imposed under the rules. Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").

3. Wolf objects to Altmann's requests to the extent that they purport to require the disclosure of information or documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege recognized at law or equity.

4. Wolf objects to Altmann's definitions to the extent that they seek to impose on Wolf obligations beyond those required by the applicable law and rules, including the Federal Rules of Civil Procedure and the Local Rules.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY 1.** As alleged in Paragraph 13 of the Complaint, identify all of the "investments in the legal cannabis industry" from 2018 to 2021.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Paragraph 13 of the Complaint states that: "Wolf is a Colorado-based businessman with more than 20 years' experience in the contract nutraceutical and pharmaceutical product manufacturing industry. In recent years, his firm, Wolf Venture Capital Holdings, Inc., has focused on investments in the legal cannabis industry. It has developed substantial expertise in that area."

Wolf objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf lacks any obligation to perform work on behalf of or to fund Botannis's business operations. The Complaint includes the quoted statement to put material allegations in context. The interrogatory thus seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

Wolf further objects that this interrogatory quotes a portion of the Complaint and then ties that quotation to a date range not reflected in the Complaint, which renders this interrogatory vague and ambiguous.

Subject to the foregoing objections, Wolf responds that these investments include interests in: CanopyBoulder funds; Würk; BDS Analytics, Inc.; STASHLOGIX; and Front Range Biosciences.

**INTERROGATORY 2.** Identify all States in which you, directly or through a business entity or venture, have transacted business in the legal cannabis industry from 2016 to the present.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant or otherwise non-discoverable information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects to the time period of this request. Altmann and Wolf became acquainted and discussed the Botannis venture in 2019. Virtually no information from before 2019 is relevant or reasonably calculated to lead to discoverable evidence. Similarly, information about Wolf's business operations to present day—including regarding events occurring long after litigation was threatened and filed—is irrelevant, beyond the scope of permissible discovery, and is not reasonably calculated to lead to discoverable evidence.

Wolf further objects to the phrase "cannabis industry" as vague and ambiguous in this context. The phrase could potentially include a host of businesses and commercial interests tangentially related to cannabis. The phrase "transacted business" likewise is vague and ambiguous in the context of the interrogatory's focus on States in which the same occurred, including whether the term refers to Wolf's physical presence in a State at the time of any "transacted business."

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 3.** Identify all business entities (eg, corporations, limited liability companies, limited partnerships, etc.) in which you have transacted business in the legal cannabis industry from 2019 to the present.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant or otherwise non-discoverable information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects to the phrase "cannabis industry" as vague and ambiguous in this context. The phrase could potentially include a host of businesses and commercial interests tangentially related to cannabis. The inquiry as to "business entities ... in which you have transacted business" is also vague, ambiguous, and confusing in that, among other things, it requires speculation as to whether the interrogatory is asking for the identification of businesses with which Wolf has engaged in business transactions, businesses for which Wolf has provided services, or businesses in which he has invested or holds an interest. To the extent it seeks the latter, Wolf incorporates by reference his response to Interrogatory No. 1.

5

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 4.** Have you ever served as a director of a corporation from 2016 to 2021 that transacts business in the legal cannabis industry? If your answer is "yes," please:

a) Identify the corporation;
b) Describe generally the business of the corporation; and
c) Identify the state the corporation is incorporated.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects to the time period of this request. Altmann and Wolf became acquainted and discussed the Botannis venture in 2019. Virtually no information from before 2019 is relevant or reasonably calculated to lead to discoverable evidence. Similarly, information about Wolf's business operations to present day—including regarding events occurring long after litigation was threatened and filed—is irrelevant, beyond the scope of permissible discovery, and is not reasonably calculated to lead to discoverable evidence.

Wolf further objects to the phrase "cannabis industry" as vague and ambiguous in this context. The phrase could potentially include a host of businesses and commercial interests tangentially related to cannabis. The phrase "transacts business" likewise is vague and ambiguous in the context of the interrogatory in that, among other things, it requires speculation as to whether the interrogatory is asking about businesses that have engaged in business transactions in the "cannabis industry," businesses that have provided services to other businesses in the "cannabis industry," or businesses that have invested or hold an interest in other businesses in the "cannabis industry."

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 5.**   Have you ever served as a manager of a limited liability company from 2016 to 2021 that transacts business in the legal cannabis industry? If your answer is "yes," please:

   a)   Identify the limited liability company;
   b)   Describe generally the business of the limited liability company; and
   c)   Identify the state the limited liability company is organized.

**ANSWER:**   Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects to the time period of this request. Altmann and Wolf became acquainted and discussed the Botannis venture in 2019. Virtually no information from before 2019 is relevant or reasonably calculated to lead to discoverable evidence. Similarly, information about Wolf's business operations to present day—including regarding events occurring long after litigation was threatened and filed—is irrelevant, beyond the scope of permissible discovery, and is not reasonably calculated to lead to discoverable evidence.

Wolf further objects to the phrase "cannabis industry" as vague and ambiguous in this context. The phrase could potentially include a host of businesses and commercial interests tangentially related to cannabis. The phrase "transacts business" likewise is vague and ambiguous in the context of the interrogatory in that, among other things, it requires speculation as to whether the interrogatory is asking about businesses that have engaged in business transactions in the "cannabis industry," businesses that have provided services to other businesses in the "cannabis industry," or businesses that have invested or hold an interest in other businesses in the "cannabis industry."

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 6.** Have you, or any business entity in which you have an ownership interest or decision-making authority, ever received a medical marijuana related license in any State? If "yes," please:

   a) Identify the State; and
   b) Identify the specific type of license received.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects that the terms "ownership interest" and "decision-making authority" are vague and ambiguous in this context. Similarly, Wolf objects that the term "medical marijuana related license" could encompass a range of potential licenses and certifications, and is vague and ambiguous in this context.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 7.** As alleged in Paragraph 14 of your Complaint, what "business opportunities" were you exploring?

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Subject to the foregoing objections, Wolf responds as follows. Paragraph 14 of the Complaint states that: "In June 2019, Wolf was exploring business opportunities in Missouri and was introduced to Jeffrey Altmann. Jeffrey Altmann, a lobbyist, runs his own lobbying firm, Viceroy Government Relations." Wolf was exploring business opportunities relating to legal cannabis following Missouri's 2018 amendment to the Missouri Constitution that legalized medical marijuana in the state.

8

**INTERROGATORY 8.** State with particularity all facts known to you relating to your assertion in Paragraph 22 of the Complaint that "Wolf made clear that the parties would have to agree to protections reflecting Wolf's potential investment, were Botannis to obtain a license and the business to go forward."

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Paragraph 22 of the Complaint states: "Wolf tentatively agreed to this substitution, at least for the purpose of applying for a testing laboratory in Missouri. Mindful that he would be potentially contributing capital and expertise—while the recently graduated Daniel Altmann was contributing merely state residency—Wolf made clear that the parties would have to agree to protections reflecting Wolf's potential investment, were Botannis to obtain a license and the business to go forward."

Wolf objects that this request is cumulative and duplicative of Interrogatory Nos. 9 and 12. Wolf incorporates by reference his responses and objections to Interrogatory Nos. 9 and 12.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects that the request for "all facts" is overbroad and unduly burdensome. It is also vague and confusing in that the quoted statement speaks for itself and is a fact such that the request for in substance "all facts known to [Wolf] relating to" an assertion that is a fact requires speculation as to what information the interrogatory actually seeks.

Wolf further objects that the phrase "relating to" is undefined, overbroad, unduly burdensome, vague, and ambiguous in this context.

Wolf further objects that this interrogatory comes as motion practice is ongoing and before Wolf has served or obtained discovery from Altmann or any third party. Thus, as with all responses, Wolf reserves to the right to amend and supplement this answer.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. This declaration is provided to put material allegations in context, and this interrogatory seeks information irrelevant to, and unlikely to lead to the discovery of admissible evidence as to, the requested declaratory relief.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 9.** Identify all documents and communications relating to your assertion in Paragraph 22 of the Complaint that "Wolf made clear that the parties would have to agree to protections reflecting Wolf's potential investment, were Botannis to obtain a license and the business to go forward."

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Paragraph 22 of the Complaint states: "Wolf tentatively agreed to this substitution, at least for the purpose of applying for a testing laboratory in Missouri. Mindful that he would be potentially contributing capital and expertise—while the recently graduated Daniel Altmann was contributing merely state residency—Wolf made clear that the parties would have to agree to protections reflecting Wolf's potential investment, were Botannis to obtain a license and the business to go forward."

Wolf objects that this request is cumulative and duplicative of Interrogatory Nos. 8 and 12. Wolf incorporates by reference his responses and objections to Interrogatory Nos. 8 and 12.

Wolf further objects that the request for "all documents and communications" is overbroad and unduly burdensome.

Wolf further objects that the phrase "relating to" is overbroad, unduly burdensome, vague, and ambiguous in this context.

Wolf further objects that this interrogatory requests identification of documents that are in the possession, custody, or control of Altmann. Because these documents are in his possession, custody, and control, it is unreasonable, unduly burdensome, and disproportionate to the needs of the case to request Wolf to compile and construe these documents.

Wolf further objects that this interrogatory quotes a portion of the Complaint that provides contextualizing background information that is immaterial to the narrow question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 10.**   Do you believe that you have ever been a director of Botannis? If "yes," please states that you were (or are) a director of Botannis.

**ANSWER**:   Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf objects that this interrogatory appears to call for a legal conclusion.

Wolf further objects that this interrogatory is worded unclearly and thus is vague, confusing, and ambiguous.

Subject to the foregoing objections, and in light of the confusing nature of this interrogatory, Wolf states that, according to the Consent in Lieu of Meeting of Sole Incorporator, dated August 8, 2019, he and Altmann were named as the two directors of Botannis. *See* ECF No. 1-1.

**INTERROGATORY 11.**   Identify all attorneys who represented you in connection with Botannis from 2018 to 2021.

**ANSWER**:   Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf lacks any obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. This declaration is provided to put material allegations in context, and this interrogatory seeks information irrelevant to the requested declaratory relief.

Wolf further objects that this interrogatory calls for a legal conclusion.
Wolf further objects to the time period of this request. Altmann and Wolf became acquainted and discussed the Botannis venture in 2019. Virtually no information from before 2019 is relevant or reasonably calculated to lead to discoverable evidence. Similarly, information about Wolf's business operations to present day—including regarding events occurring long after litigation was threatened and filed—is irrelevant, beyond the scope of permissible discovery, and is not reasonably calculated to lead to discoverable evidence.

Wolf further objects that this interrogatory is vague and ambiguous, as the meaning of "you" is unclear in this context. Based on the definition provided by the interrogatories, "you" refers to "Wolf, in all capacities, as well as his agents, representatives, attorneys, and each person

11

acting or purporting to act on her behalf." In other words, the definition purports to treat "Wolf" and "his ... attorneys" as synonymous.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 12.** In Paragraph 40 of the complaint, you assert the "draft documents reflected the understanding from the first business discussions between Wolf and Jeffrey Altmann." With respect to those "first business discussions," please:

a) State when the discussions occurred; and
b) Who was present for the discussions.

**ANSWER:** Wolf incorporates by reference the foregoing and subsequent responses and objections.

Paragraph 40 of the complaint states: "The draft documents reflected the understanding from the first business discussions between Wolf and Jeffrey Altmann (before Jeffrey Altmann revealed that he could not participate in Botannis because his criminal background would disqualify it from receiving a license to operate a testing laboratory in Missouri): Wolf could go forward with an investment in Botannis only if the value of his investment and intellectual property was protected under the parties' legal agreements."

Wolf objects that this request is cumulative and duplicative of Interrogatory Nos. 8 and 9. Wolf incorporates by reference his responses and objections to Interrogatory Nos. 8 and 9.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. This declaration is provided to put material allegations in context, and this interrogatory seeks information irrelevant to the requested declaratory relief.

Wolf objects that this interrogatory quotes a portion of the Complaint that provides contextualizing background information that is immaterial to the narrow question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or fund Botannis's business operations.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 13.**  Generally describe the "intellectual property" referenced in Paragraph 66 of the Complaint.

**ANSWER**:  Wolf incorporates by reference the foregoing and subsequent responses and objections.

Subject to the foregoing objections, Wolf responds as follows. Paragraph 66 of the Complaint states: "Wolf was not interested in moving forward with the venture because nothing had changed since Daniel Altmann refused to agree, or even to propose revisions, to the deal documents that would protect Wolf's intellectual property. Wolf also lacked confidence in the Altmanns after what had taken place, including (among other things) Jeffrey Altmann's initial failure to disclose his significant criminal history and Daniel Altmann's months-long refusal to engage about routine deal terms that would protect Wolf's investment and intellectual property."

The term "intellectual property" refers to Wolf's experience and expertise relating to investments involving legal cannabis-related businesses. This includes intellectual property developed by Wolf-affiliated entities over many decades of operations. Among other things, this intellectual property includes expertise and knowledge regarding standard operating procedures, testing methods, best practices for research and development, and best practices for laboratory start-up, design, and testing.

**INTERROGATORY 14.**  State with particularity all facts known to you relating to your disputes and assertions in Paragraph 87 of the Complaint.

**ANSWER**: Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf objects that this interrogatory is premature and purports to require Wolf to marshal evidence and establish the ultimate question in the case—i.e., a declaration that "Wolf disputes that he owes Daniel Altmann a duty to fund Botannis, to perform work on behalf of Botannis, and to provide marijuana-testing equipment to Botannis."

Wolf further objects that the request for "all facts" is overbroad and unduly burdensome.

Wolf further objects that the phrase "relating to" is overbroad, unduly burdensome, vague, and ambiguous in this context.

Subject to the foregoing objections, Wolf responds as follows. Paragraph 87 of the Complaint states: "Wolf disputes that he owes Daniel Altmann a duty to fund Botannis, to perform work on behalf of Botannis, and to provide marijuana-testing equipment to Botannis." This

statement is supported by the Complaint and the exhibits attached thereto, which show that Wolf does not have—and has never had—any obligation to Altmann or to anyone to provide capital or equipment to, or to provide services on behalf of, Botannis.

**INTERROGATORY 15.**   After Botannis received a testing license in December 2019, generally describe what actions you took, if any, to benefit Botannis.

**ANSWER:**   Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**INTERROGATORY 16.** Do you believe the testing license Botannis received in December 2019 had any value? If "yes," please:

    a)    Describe the value;
    b)    Identify your methodology for determining this value; and
    c)    Identify all materials you rely on for determining this value.

**ANSWER:**    Wolf incorporates by reference the foregoing and subsequent responses and objections.

Wolf specifically reiterates his objection that discovery at this stage—before the Court has adjudicated Wolf's motion to dismiss the counterclaims and has yet to rule on Wolf's motion to stay discovery—is premature, unduly burdensome, and disproportionate to the needs of the case and seeks potentially irrelevant information.

Wolf further objects that this interrogatory is irrelevant to the question presented by Wolf's Complaint—i.e., a declaration providing that Wolf has no obligation to perform work on behalf of or to fund Botannis's business operations. It seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. This declaration is largely based on a narrow subset of documents. In the event that Altmann's counterclaims are dismissed, this interrogatory would lack any arguable relevance.

Wolf further objects that this this interrogatory is vague and ambiguous, as the meaning of "value" is unclear in this context.

Subject to the foregoing objections, in the event that discovery proceeds on the counterclaims, Wolf will consider supplementing his response to this interrogatory to the extent that one is required under the relevant rules.

**AS TO THE ANSWERS:**

Under 28 U.S.C.§ 1746, I, Matthew D. Wolf, hereby declare under penalty of perjury that the foregoing statements of fact are true and accurate to the best of my knowledge and belief.

August 24, 2022

_____
Matthew D. Wolf

**AS TO THE OBJECTIONS:**

August 24, 2022

*s/ Charles L. Solomont*
Charles L. Solomont
carl.solomont@morganlewis.com
557190 (MA)
Andrew M. Buttaro
andrew.buttaro@morganlewis.com
684499 (MA)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02110
Tel.: (617) 341-7700
Fax: (617) 341-7701

Zachary R. Lazar
zachary.lazar@morganlewis.com
6325727 (IL)
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606
Tel.: (312) 324-1000
Fax: (312) 324-1001

Kevin M. Cushing
kmc@carmodymacdonald.com
27930 (MO)
Tyler C. Schaeffer
tcs@carmodymacdonald.com
60847 (MO)
**CARMODY MACDONALD P.C.**
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Tel: (314) 854-8600
Fax: (314) 854-8660

*Counsel for Plaintiff Matthew D. Wolf*

## **CERTIFICATE OF SERVICE**

I certify that this document was served by email on counsel for Daniel Altmann, including the attorneys listed below.

Gregory E. Anderson
**LAW OFFICE OF GREGORY ANDERSON LLC**
1420 Strassner Drive
St. Louis, MO 63144
Henry P. Elster

**THE ELSTER LAW OFFICE**
225 South Meramec Avenue
Suite 325
Clayton, MO 63105

*Counsel for Daniel N. Altmann*

August 24, 2022                                    *s/ Andrew M. Buttaro*
                                                                  Andrew M. Buttaro